SUPERIOR COURT
OF THE

CRAIG A. KARSNITZ,
RESIDENT JUDGE

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5263

January 6, 2026

Luis Rosas-Jose
SBI# 00939844
Sussex Correctional Institute
23203 DuPont Blvd
Georgetown, DE 19947

Re:  *State of Delaware v. Luis Rosas-Jose,* Def. ID No. 2010010939
    Motion for Postconviction Relief
    Motion for Withdrawal of Postconviction Counsel

Dear Mr. Rosas-Jose:

You were arrested on October 22, 2020, and on October 26, 2020, you were

charged by indictment with the following offenses:

Burglary First Degree
Possession of Burglary Tools
Rape First Degree (twelve counts)
Rape Second Degree (two counts)
Unlawful Sexual Contact First Degree (three counts)
Offensive Touching
Failure to Comply with Taking of Photos and Fingerprints

You were originally represented by an attorney who later withdrew as your

Trial Counsel, and an attorney from the Public Defender's Office was then appointed

to represent you as Trial Counsel.

On January 11, 2021, prior to trial, the State filed a letter notifying you that it intended to seek enhanced penalties in your case because the victim was under fourteen years of age when the offenses allegedly occurred.[1]

On July 5, 2022, the State conveyed a plea offer of one count of Rape First Degree during Final Case Review. The State stated it would not seek enhanced penalties under §4205A and would not exceed a recommendation of twenty-five (25) years of incarceration under this plea offer. The Court conducted a colloquy with you to discuss your rights and the plea offer, and during this hearing you responded to the Court's inquiries in the affirmative regarding whether Trial Counsel had provided you with discovery materials and whether you had reviewed these materials with trial counsel. You indicated that you had recently received discovery materials from Trial Counsel, and you made no mention of not receiving photos or interview materials. You also indicated that you understood a conviction of most of the charges in this case would result in spending the rest of your life incarcerated. Ultimately, you rejected the State's plea offer and proceeded to trial.

Trial was held from July 12-14, 2022. At the conclusion of trial, a jury found you guilty of the following offenses:

Burglary First Degree
Rape First Degree (eight counts)

---

[1] Pursuant to 11 *Del. C.* §4205A(a)(2).

Unlawful Sexual Contact
Offensive Touching

On September 6, 2022, the Court sentenced you to 202 years of unsuspended incarceration.

On September 15, 2022, you filed a direct appeal with the Delaware Supreme Court, and you were represented by Santino Ceccotti, Esquire, as Appellate Counsel during appellate proceedings. On appeal you argued that (1) the trial court erred in admitting identification evidence in the form of a Mexican driver's license, as it was hearsay evidence, and (2) there was insufficient evidence supporting your conviction of Burglary First Degree. Oral arguments were held on July 12, 2023, and the Supreme Court affirmed your convictions and sentence by Order dated September 25, 2023.

### *Pro Se* Rule 61 Motion and Appointment of Postconviction Counsel

On May 16, 2024, you filed a *pro* se Motion for Postconviction Relief under Delaware Superior Court Criminal Rule 61 along with a Motion for Appointment of Postconviction Counsel. In your *pro* se Motion for Postconviction Relief, you indicated you were unable to articulate grounds for relief due to not speaking English. However, you also noted a general claim of Ineffective Assistance of Counsel by Trial Counsel. On May 23, 2024, your Motion for Appointment of Postconviction Counsel was granted, and Postconviction Counsel was appointed to

represent you in these postconviction matters.

Postconviction Counsel met with you by videophone with the assistance of an interpreter to clarify your claims. During these videophone meetings, you expressed to Postconviction Counsel that your claims focused on the admission into evidence of your Mexican driver's license as well as ineffectiveness of your trial counsel for failing to review all the evidence presented against you, particularly photographs of the victim and the victim's interview statements from the Child Advocacy Center of Delaware ("CAC"). You expressed to Postconviction Counsel that had you reviewed these aspects of the evidence prior to trial, you possibly would have accepted the State's plea offer of one charge of Rape First Degree.

**Motion to Withdraw as Postconviction Counsel**

On June 16, 2025, Postconviction Counsel filed a Motion to Withdraw.[2] In her motion, Postconviction Counsel addressed your core concerns and claims you had discussed together during your videophone meetings.

In her withdrawal motion, Postconviction Counsel explained that your claim concerning admission of your Mexican driver's license was procedurally barred since it was previously raised on direct appeal by Appellate Counsel and previously denied by the Supreme Court.[3] Regarding your claims concerning Trial Counsel's

---

[2] Pursuant to Super. Ct. Crim. R. 61(e)(7).
[3] Pursuant to Super. Ct. Crim. R. 61(i)(4).

failure to review victim photographs and interviews with you, Postconviction Counsel detailed that the State provided Trial Counsel with this evidence on the condition that it not be shared with or distributed to you. Postconviction Counsel's withdrawal motion also notes that Trial Counsel's case log describes discussions between you and Trial Counsel in which you were informed that these materials existed, and that Trial Counsel advised you to accept the State's plea offer. Postconviction Counsel noted that, based on these discussions, you did not indicate that you would have accepted the State's plea offer.

Postconviction Counsel's withdrawal motion further expressed that she meticulously reviewed the record for other possible meritorious claims, and no such claims were found.

On July 24, 2025, you filed your response to Postconviction Counsel's Motion to Withdraw as Postconviction Counsel. In this response you discussed difficulties in communicating with Postconviction Counsel throughout the postconviction phase due to the language barrier. Your response noted that you were frustrated by a lack of communication and that this frustration was exacerbated when Postconviction Counsel met with you over videophone to discuss her belief that there were no meritorious claims applicable to your case. Your response described discussions in which you and Postconviction Counsel reviewed your Ineffective Assistance of Counsel claim relating to the victim interviews and photographs as well as your

claim relating to admission of the Mexican driver's license. You also noted that you believed Postconviction Counsel had failed to consider seven additional claims of Ineffective Assistance of Counsel you believed to be meritorious in your case. These claims are discussed more fully below.

**Response to Motion to Withdraw as Postconviction Counsel**

The first Ineffective Assistance of Counsel claim discussed in your response relates to Trial Counsel's failure to call your brother as a witness at trial. You argue that testimony from your brother would have refuted the charge of Burglary First Degree, of which you were convicted, because it would have shown you had permission to come and go from the home and were permitted to stay at the home as needed. You also noted that this testimony would have challenged the credibility of another State witness. Your response stated you believe Trial Counsel's failure to call your brother as a witness deprived you of your Sixth Amendment right to call witnesses to testify in your defense.

The second Ineffective Assistance of Counsel claim discussed in your response relates to Trial Counsel's failure to investigate and present evidence of the victim's class attendance. You argue that the victim testified she attended online classes from her home on occasion, that she was scheduled to attend an online class the day of the incident, and that had the victim's schedule been reviewed and presented at trial, it would show she attended these classes. You further contend that

this evidence of online class attendance proves that "the victim could not have been raped in that magnitude because it would have been impossible for somebody who suffered something like that to attend online classes if she was so upset from having suffered something as horrible as what the victim testified." You stated that if this evidence had been investigated and presented by Trial Counsel, the jury may have had reasonable doubt as to the charge of Rape First Degree and may have found you not guilty or convicted you of a lesser offense. You further request an evidentiary hearing relating to this evidence and claim.

The third Ineffective Assistance of Counsel claim discussed in your response relates to cross examination of the victim and the victim's mother by Trial Counsel during trial. You argue that Trial Counsel did not question the victim or her mother regarding attendance of online classes by the victim during the date of the incident, and you again emphasize that evidence of attendance of these classes would have mitigated the charges of Rape First Degree. You also stated that the victim's mother asked the victim to lie to police and to an interviewer from the CAC. You stated Trial Counsel's failure to question the victim and her mother regarding the online classes was a deficiency that resulted in a missed opportunity to establish reasonable doubt relating to the charges of Rape First Degree which may have resulted in conviction of a lesser offense or undermined the credibility of the witnesses.

The fourth Ineffective Assistance of Counsel claim discussed in your response

7

relates to Trial Counsel's failure to investigate the victim's and her mother's cell phone records. You argue that during trial, the victim testified she believed you had hidden her cellphone to prevent her from communicating with her mother. You noted that the State called a witness to testify with respect to prior statements under 11 *Del. C.* § 3507 because the State had knowledge that the victim and her mother did not communicate by phone because the victim did not own a cellphone. You further contend the victim's mother testified she used a phone to call the victim at 9:00 a.m. on the date of the incident and that this is inconsistent with the victim's testimony that it was the victim who called her mother. Overall, you allege Trial Counsel had knowledge that the victim did not own a cellphone, and you believe these calls could not have occurred. You allege that Trial Counsel's failure to investigate call logs between the victim and her mother was a deficiency that deprived you of an opportunity to challenge the credibility of the witnesses and establish reasonable doubt as to the charges of Rape First Degree, and had this evidence been presented to the jury, the outcome of the trial may have been different. You request an evidentiary hearing for this claim to prove the calls did not exist and that the witnesses were untruthful in their testimony.

The fifth Ineffective Assistance of Counsel claim discussed in your response relates to Trial Counsel's failure to question a detective regarding the recovery of the victim's cellphone. You stated the detective recovered some evidence from the

victim's home, but the victim's cellphone was never recovered. You allege that, had Trial Counsel questioned the detective about not recovering a cellphone from the victim, this would have been evidence that the victim did not own a cellphone and therefore no calls had occurred between the victim and her mother on the morning of the incident. You further allege that the State did not question the detective about the victim's phone because it had knowledge that the phone did not exist. You allege that Trial Counsel's failure to question the detective regarding the lack of recovery of the victim's cellphone was a deficiency that resulted in a missed opportunity to challenge the credibility of the victim's and her mother's testimony, and had such a line of questioning occurred, the outcome of the trial might have been different, or you could have been found guilty of lesser offenses.

The sixth Ineffective Assistance of Counsel claim discussed in your response pertains to Trial Counsel's failure to question the victim or her mother regarding their testimony discussing phone calls that occurred the morning of the incident. For the same reasons discussed above in your fourth claim, you allege that Trial Counsel's failure to question the victim and her mother about their cellphone communications on the date of the incident was a deficiency that deprived you of an opportunity to challenge the credibility of the witnesses and establish reasonable doubt as to the charges of Rape First Degree. You argue that, had this evidence been presented to the jury, the outcome of the trial may have been different, or you may

9

have been convicted of lesser offenses.

The seventh Ineffective Assistance of Counsel claim discussed in your response centers on Trial Counsel's failure to inform you of the evidence to be presented against you at trial. Specifically, you argue that Trial Counsel did not disclose to you that the State had provided him with evidence in the form of victim photographs and interviews on the condition that this evidence not be distributed to or shown to you. You stated Trial Counsel informed you this evidence existed, but that he did not provide details on the content of this evidence. Your response expressed that you did not wish to have copies of the victim photographs or interview statements distributed to you but instead wished to review this evidence with Trial Counsel. You stated that Trial Counsel expressly told you this evidence would be reviewed together, but this never occurred. You further contend that, had you been informed of the specific content of this evidence and the statements made by the victim and witnesses, there is a possibility that you may have accepted the State's plea offer. Your seventh claim goes on to argue that you had expressed to Trial Counsel your desire to accept a plea offer, and this is evidenced by your letters to Trial Counsel and your video phone discussions with him in which you asked him to negotiate a more favorable plea offer. Your response states that, during your plea colloquy, you answered in the affirmative when asked whether you had evaluated the evidence with Trial Counsel, however you note you did so "because I sincerely

did not want to hurt the attorney before the judge but in reality he did not inform me of the content of this evidence and he hid from me that he had made an agreement with the State to not show me the video evidence (CAC) of the victim and the photographs (SANE)." Overall, your seventh claim argues that Trial Counsel's failure to inform you of the specific details pertaining to the victim photographs and statements, as well as failure to timely provide you with all evidence, deprived you of the opportunity to fully comprehend the evidence to be presented against you at trial, and as a result you were prejudiced and not fully informed when you made the decision to reject the State's plea offer. You request an evidentiary hearing to establish that Trial Counsel had knowledge of your intent to accept a plea offer, and to present true testimony pertaining to your lack of understanding the extent of the evidence that was to be presented against you at trial.

**Postconviction Counsel's Motion for Withdrawal**

Withdrawal of counsel in a postconviction matter is governed by Superior Court Criminal Rule 61(e)(7). In order to withdraw from a postconviction matter, counsel must consider the claims to be so lacking in merit that she cannot ethically advocate for the client, and she must be unaware of any other substantial ground for granting relief.[4] A motion to withdraw from a postconviction matter must explain

---

[4] Super. Ct. Crim. R. 61(e)(7).

the factual and legal basis for counsel's opinion, and it must give the movant notice that they must respond within 30 days of service.[5]

If such a motion is granted, counsel has continuing duties to her client. These duties include notifying the client in writing of the Court's ruling on the motion, advising the client that he has the burden of proceeding with his postconviction motion without counsel, advising the client in writing of his right to appeal the Court's final disposition of his postconviction motion, instructing her former client on the rules for filing timely notice of appeal, and informing the former client that it is his burden to file notice of appeal if desired.[6]

A motion for withdrawal as postconviction counsel may be granted simultaneously, as here, with a denial of the client's postconviction motion.[7] Under such circumstances, the duties of postconviction counsel are limited to notifying her former client of the Court's ruling in writing, advising the client in writing of his right to appeal the Court's final disposition of their postconviction motion, instructing her former client on the rules for filing timely notice of appeal, and explaining that it is the former client's burden to file notice of appeal if desired.

I have thoroughly reviewed the record in this case, Postconviction Counsel's Motion to Withdraw, and your Response thereto. Her Motion fully explains the

---

[5] *Id.*
[6] Super. Ct. Crim. R. 61(e)(7)(i)
[7] Super. Ct. Crim. R. 61(e)(7)(ii).

factual and legal basis for her opinion that she cannot ethically advocate for you with respect to your claims. I agree with Postconviction Counsel's assessment that your claims are so lacking in merit that she cannot do so. I further agree with Postconviction Counsel that there are no other substantial grounds for granting relief. Therefore, the Motion for Withdrawal of Postconviction Counsel is **GRANTED**.

Postconviction Counsel, who is copied on this letter, shall forthwith fulfill her continuing duties and obligations to you as discussed above.

**Rule 61 Motion for Postconviction Relief**

I will now rule on your Rule 61 Motion itself. I first address the four procedural bars of Rule 61.[8]  If a procedural bar exists, as a general rule I will not address the merits of the postconviction claim.[9]  A Rule 61 Motion can be barred for time limitations, successive motions, failure to raise claims below, or former adjudication.[10]

First, a motion for postconviction relief exceeds time limitations if it is filed more than one year after the judgment of conviction is final.[11] In your case, the judgment of conviction became final when the Supreme Court issued its mandate or

---

[8] *Ayers v. State*, 802 A.2d 278, 281 (Del.2002) (citing *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).

[9] *Bradley v. State*, 135 A.3d 748 (Del 2016); *State v. Page*, 2009 WL 1141738, at*13 (Del. Super. April 28, 2009).

[10] Super. Ct. Crim. R. 61(i).

[11] Super. Ct. Crim. R. 61(i)(1).

order finally determining the case on direct review.[12] The Supreme Court issued its mandate finally determining your case on direct review on September 25, 2023. You filed the Motion on May 16, 2024, well before the one-year deadline. Therefore, consideration of the Motion is not barred by the one-year limitation.

Second, second or subsequent motions for postconviction relief are not permitted unless certain conditions are satisfied.[13] Since this is your first motion for postconviction relief, consideration of the Motion is not barred by this provision.

Third, grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred unless certain conditions are satisfied.[14] It could be argued that your claims could have been asserted in the proceedings leading to your conviction and are therefore barred. However, your grounds for relief are couched as claims of ineffective assistance of counsel and I will treat them as such. It is well-settled Delaware law that, as collateral claims, ineffective assistance of counsel claims are properly raised for the first time in postconviction proceedings.[15] Therefore, my consideration of the Motion is not barred by this provision.

---

[12] Super. Ct. Crim. R. 61(m)(2).
[13] Super. Ct. Crim. R. 61(i)(2).
[14] Super. Ct. Crim. R. 61(i)(3).
[15] *State v. Schofield*, 2019 WL 103862, at *2 (Del. Super. January 3, 2019); *Thelemarque v. State*, 2016 WL 556631, at *3 (Del. Feb. 11, 2016) ("[T]his Court will not review claims of ineffective assistance of counsel for the first time on direct appeal."); *Watson v. State*, 2013 WL 5745708, at *2 (Del. Oct. 21, 2013) ("It is well-settled that this Court will not consider a claim of ineffective assistance that is raised for the first time in a direct appeal.").

Fourth, grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal *habeas corpus* hearing" are barred. My consideration of the Motion is not barred by this provision.

None of these four procedural bars apply either to (i) a claim that there is new evidence of actual innocence in fact, or to (ii) a claim that a retroactively applied rule of constitutional law renders the conviction invalid.[16] You make no such claims here. Since none of the procedural bars under Rule 61 apply, I will consider the Motion on its merits.

To succeed on the merits, you must meet the two-part standard established in *Strickland v. Washington,*[17] as applied in Delaware.[18] Under *Strickland*, you must show that Trial Counsel's and Appellate Counsel's representation "fell below an objective standard of reasonableness" (the "performance prong"); and (2) the "deficient performance prejudiced [your] defense." (the "prejudice prong").[19]

As to the performance prong, you must demonstrate that Trial Counsel's decisions were unreasonable. There is a presumption that trial counsel's challenged

---

[16] Super. Ct. Crim. R. 61(d)(2)(i) and (ii).
[17] 466 U.S. 668 (1984).
[18] *Albury v. State*, 551 A.2d 53 (Del. 1988).
[19] *Strickland* at 687.

conduct may be considered a strategic choice, and there is deference afforded to strategy.[20]

As to the prejudice prong, you must demonstrate that there exists a reasonable probability that, but for Trial Counsel's and Appellate Counsel's errors, the outcome of the trial would have been different.[21] Even if their performance was professionally unreasonable, it would not warrant setting aside the judgment of conviction if the error had no effect on the judgment.[22] A showing of prejudice "requires more than a showing of theoretical possibility that the outcome was affected."[23]

*Strickland* teaches that there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in a particular order, or even to address both prongs of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant because of the alleged deficiencies. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed.[24] In every case, the court should be concerned with whether, despite the strong presumption of reliability, the

---

[20] *Id.* at 689.
[21] *Albury,* at 687; *Zebroski v. State,* 822 A.2d 1038, 1043 (Del. 2003); *Wright v. State,* 671 A.2d 1353, 1356 (Del. 1996).
[22] *Strickland,* at 691.
[23] *Frey v. Fulcomer,* 974 F.2d 348, 358 (3d Cir. 1992).
[24] *Strickland,* at 697.

result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results.[25]

Whether or not Trial Counsel was ineffective under the performance prong depends upon whether counsel's conduct was the type that would have been undertaken by objectively reasonable attorneys. I will not second guess strategic choices made by Trial Counsel. In my view, the conduct here by Trial Counsel was objectively reasonable. Thus, the performance prong of *Strickland* is not satisfied.

Moreover, the claims raised in your Response to the Motion to Withdraw are insufficient to overcome the heavy burden of showing that the outcome of trial would have been different had the conduct of Trial Counsel been different. There was an overwhelming amount of other evidence at trial which the jury considered to convict you. A mere theoretical possibility of a different trial outcome is insufficient. Thus, the prejudice prong of *Strickland* is not satisfied.

Therefore, your Motion for Postconviction Relief under Rule 61 is **DENIED.**

Postconviction Counsel, who is copied on this letter, shall forthwith fulfill her continuing duties and obligations to you as discussed above.

Since you do not read or speak English, Postconviction Counsel is directed to provide a Spanish translation of this letter to you.

---

[25] *Id*. at 696.

**IT IS SO ORDERED**.

Very truly yours,

/s/ Craig A. Karsnitz
Craig A. Karsnitz

cc:     Prothonotary
        Kimberly A. Price, Esquire
        Office of Defense Services
        Office of the Attorney General

18